IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ERSEY BROWN**,

**Plaintiff,**

**v.**

**ALTON GAMING COMPANY
d/b/a ARGOSY CASINO ALTON,
and ARGOSY GAMING
COMPANY,**

**Defendants.**                                            **No. 07-0459-DRH**

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

Now before the Court is Defendants' motion to dismiss for lack of subject matter jurisdiction (Docs. 9 & 10). Defendant argues that the Court lacks jurisdiction over Plaintiff's admiralty claim as Plaintiff's injury occurred on a permanently moored structured and not a vessel. Plaintiff opposes the motion (Docs. 18 & 19). Based on the following, the Court grants the motion.

On August 7, 2007, Ersey Brown filed an Amended Complaint against Alton Gaming Corporation d/b/a Argosy Casino Alton and Argosy Gaming Company pursuant to 28 U.S.C. 1331(1), the Federal Admiralty and Maritime Laws of the United States (Doc. 3).[1] Brown's Amended Complaint alleges that on August 23,

---

[1] Brown filed her original complaint on June 27, 2007 (Doc. 1).

2004, while aboard the Alton Belle Casino,river boat casino premises, she slipped and fell on liquid near the slot machines. (Doc. 3, ¶ ¶ 8 & 9.) The Amended Complaint further alleges that as a result of Defendants' negligence in failing to exercise reasonable care of the premises she fell on the floor and suffered severe injuries. (Doc. 3, ¶ ¶ 12-13.)[2]

## II. Motion to Dismiss

On a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the plaintiff bears the burden of establishing that the court has subject matter jurisdiction. ***Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); *Kontos v. United States Dep't of Labor,* 826 F.2d 573, 576 (7th Cir. 1987)**. The court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff. ***Rueth v. United States Envtl. Prot. Agency,* 13 F.3d 227, 229 (7th Cir. 1993)**. Because subject matter jurisdiction focuses on the court's power to hear the claim, however, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion; it may look beyond the complaint and review any extraneous evidence submitted by the parties to determine whether subject matter jurisdiction exists. ***United Transp. Union v. Gateway W. Ry. Co.,* 78 F.3d 1208, 1210 (7th Cir. 1996)**.

---

[2]The Amended Complaint also alleges that Defendants own and operate the Alton Belle Casino (Doc. 3, ¶ ¶ 6-7).

### III. Analysis

The federal courts have original jurisdiction, exclusive of state courts, over "any civil case of admiralty or maritime jurisdiction." **28 U.S.C. § 1333(1)**. Admiralty jurisdiction of the federal courts embraces two principal subjects, maritime contracts and maritime torts. The test for determining whether a cause of action arising in tort falls within a court's admiralty jurisdiction is distinct from the test for determining whether a contract dispute falls within a court's admiralty jurisdiction.

"Traditionally, admiralty tort jurisdiction existed only when the tort in question occurred on navigable waters." ***Scott v. Trump Indiana, Inc.*, 337 F.3d 939, 942 (7th Cir. 2003)(citing *Jermone B. Gubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 531-32 (1995))**. However, with the passage of the Extension of the Admiralty Jurisdiction Act, 48 U.S.C. app. § 740, admiralty and maritime jurisdiction extend to "'all cases of damage or injury, to person or property caused by a vessel on navigable water, notwithstanding that such damages or injury be done or consummated on land.'" ***Id.* (quoting 48 U.S.C. app. § 740)**. The Supreme Court has held that a boat that "has been permanently moored or otherwise rendered practically incapable of transportation or movement" is not a "vessel" for purposes of admiralty jurisdiction. ***Stewart v. Dutra Construction Co.*, 543 U.S. 481, 494 (2005)**.

Last year, in ***Tagliere v. Harrah's Illinois Corporation*, 445 F.3d**

**1012(7th Cir. 2006)**(a case similar to this in that it involved a casino and a patron), the Seventh Circuit held:

> We conclude that the district court erred in dismissing the suit, though it is open to the defendant to show on remand, if it can, that its boat was permanently rather than merely indefinitely moored when the accident occurred and was therefore no longer a "vessel" for purposes of admiralty jurisdiction. The difference between "permanently" and "indefinitely" in this context is vague and has not been explored by the parties. The *Stewart* case suggests that the boat must be permanently incapacitated of sailing. Yet maybe - by analogy to the difference between domicile and residence - a boat also is "permanently" moored when its owner intends that the boat will never again sail, while if he has not yet decided its ultimate destiny is only "indefinitely" moored. These are matters for exploration on remand.

*Id.* **at 1016.**

Here, Defendants, relying on **Tagliere**, argue that the Court lacks subject matter jurisdiction because Brown's injury occurred on a permanently moored structure. Specifically, Defendants contend that Plaintiff's alleged injury occurred on the Spirit Barge and that the Spirit Barge is a permanently moored structure. (Doc. 10, p. 3 & Doc. 10-2; Affidavit of Darrell McCrady, ¶ 5.)[3] Defendants maintain that the Spirit Barge "has no engines, is incapable of propulsion and is welded to another barge known as the Fun Barge." (Doc. 10, p. 3 & Doc. 10-3; Affidavit of Dennis Crank, ¶ ¶ 5, 6.)[4] According to Defendants, both barges are permanently attached to the shore by two metal spars and six cables. (Doc 10, p. 3

---

[3] Defendants assert that the Alton Gaming Company's casino facility consists of the m/v Alton Belle II and two barges - the Spirit Barge and the Fun Barge. The Alton Belle Casino is a dockside casino located on the Mississippi River in Alton, Illinois. (Doc. 10, p. 3.)

[4] The Fun Barge also does not have engines and is incapable of propulsion.

& Doc. 10-3; Affidavit of Dennis Crank, ¶ 8.) Further, Defendants maintain that the barges are connected to land-based utilities such as electricity, gas, telephone, computer surveillance hard lines, water and sewers. (Doc. 10, p. 3 & Doc. 10-3, Affidavit of Dennis Crank, ¶ 9.)

In response, Brown asserts that her injury occurred on the gambling complex owned and operated by Defendants and that this gambling complex is a vessel in navigable waters. Brown also argues that the determination of whether the barge is permanently or indefinitely moored is a factual manner that should be evaluated by the trier of fact. The Court finds Brown's arguments misplaced.

As noted by **Tagliere**, the issue of whether the Spirit Barge is permanently moored is proper for the Court to decide at this stage in the litigation. Defendants have shown that Brown's injury occurred on the Spirit Barge and that the Spirit Barge is a permanently moored structure that is incapable of transportation. While Plaintiff has not produced any evidence establishing that the Spirit Barge is not a permanently moored structure.[5] Based on the record before the Court, the Court finds that the Spirit Barge is a permanently moored structure.

Brown argues that she perceived the complex to be one large complex

---

[5] Plaintiff cites ***Booten v. Argosy Gaming Company*, 848 N.E.2d 141 (Ill. App. 2006)** in support of her argument that the Alton Belle casino is a vessel in navigation. ***Booten*** is no help to Brown under the circumstances of this case. While the Fifth District Court of Appeals did find that the Alton Belle II – a gambling boat– is a vessel for the purposes of jurisdiction under the Jones Act, the Fifth District did not address whether the Spirit Barge, where Brown's injury occurred, is a vessel.

and thought it to be all part of the navigating vessel.  Defendant counters, accurately, that her perception or knowledge is irrelevant.  Is plaintiff saying that she would have only slipped on that part of the complex considered to be "vessel" for purposes of admiralty law so as to assure her a federal forum?  Hardly the bedrock for legal doctrine.

## IV. Conclusion

Because the Court finds that the Spirit Barge is permanently moored, it lacks subject matter jurisdiction over Brown's Amended Complaint.  Thus, the Court **GRANTS** Defendants' motion to dismiss (Doc 9).  The Court **DISMISSES without prejudice** Brown's Amended Complaint to refiling in a court of competent jurisdiction.

**IT IS SO ORDERED.**

Signed this 11th day of December, 2007.

/s/      *David R Herndon*

**Chief Judge**
**United States District Court**